Robert W. Lannan (D.D.C. Bar No. 454965)
Lannan Legal PLLC
Washington, D.C. 20006
Telephone: (202) 223-8901
e-mail: robert.lannan@lannanlegal.com

*Counsel to the Creditor Tauqilla Manning*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

In re:

**MARSHA ANN BATTEE**, Case No. 26-00093-ELG

Debtor Chapter 13

## OBJECTION OF TAUQILLA MANNING TO CONFIRMATION OF THE DEBTOR'S AMENDED CHAPTER 13 PLAN

Tauqilla Manning ("**Ms. Manning**"), by and through her undersigned counsel, presents this objection (the "**Objection**") to confirmation of the Amended Chapter 13 Plan (Docket No. 42) (the "**Amended Plan**") filed by Marsha Ann Battee (the "**Debtor**") in the above-captioned case (this "**Case**"). As her Objection, Ms. Manning respectfully states as follows:

## BACKGROUND

1. The Debtor filed a petition for relief under Chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**") on February 27, 2026 (the "**Petition Date**").

2. Ms. Manning is an unsecured creditor of the Debtor. Ms. Manning has filed two proofs of claim in this Case: Claim No. 6-1 in the amount of $105,017.64 and Claim No. 7-1 in the amount of $30,187.57.

3. The Debtor filed a Chapter 13 Plan (the "**Original Plan**") on the Petition Date. A confirmation hearing on the Original Plan was originally scheduled for April 30, 2026.

4. On April 23, 2026, Ms. Manning filed an objection to confirmation of the Original

Plan on grounds that it would have required the Debtor to submit significantly less than her projected disposable income during the applicable commitment period. See 11 U.S.C. § 1325(b)(1)(B).

5. On April 29, 2026, the Chapter 13 Trustee filed a notice continuing the confirmation hearing on the Original Plan to June 25, 2026. On June 23, 2026, the Chapter 13 Trustee filed a notice further continuing this hearing to July 23, 2026.

6. Three days before the continued hearing, on July 20, 2026, the Debtor filed her Amended Plan. A hearing on the Amended Plan has been scheduled for August 20, 2026.

## JURISDICTION

7. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 to consider this Objection.

8. Venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9. This is a core proceeding under 28 U.S.C. § 157(b)(2).

10. The bases for the relief requested herein are Section 1325(b) of the Bankruptcy Code, Rules 3015(f) and 9014 of the Federal Rules of Bankruptcy Procedure and Rule 9014-1 of the Local Rules of the U.S. Bankruptcy Court for the District of Columbia.

## RELIEF REQUESTED

11. By this Objection, Ms. Manning is requesting that the Court enter an order denying confirmation of Debtor's Amended Plan.

## BASIS FOR RELIEF

12. Section 1325(b)(1)(B) of the Bankruptcy Code states, in pertinent part:

> If the . . . holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan . . . . the plan provides that

> all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

13. Section 1325(b)(2)(A) of the Bankruptcy Code provides, in pertinent part, that "[f]or purposes of this subsection, the term 'disposable income' means current monthly income received by the debtor . . . less amounts reasonably necessary to be expended . . . for the maintenance or support of the debtor . . . and for [qualified] charitable contributions . . ."

14. Under Bankruptcy Code Section 1325(b)(3)(A), "[a]mounts reasonably necessary to be expended under paragraph (2), other than [on qualified charitable contributions], shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if the debtor has current monthly income, when multiplied by 12, greater than—in the case of a debtor in a household of 1 person, the median family income of the applicable State for one earner[.]"

15. According to the U.S Trustee Program, the median family income in the District of Columbia for one earner on the Petition Date was $83,202. *See* U.S. Trustee Program, Means Testing, Median Family Income Based on State/Territory Family Size for cases filed between 1 Nov 2025 and 31 Mar 2026.[1]

16. As Docket No. 4 of this Case, the Debtor has filed an Official Form 122C-1 (Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period) and an Official Form 122C-2 (Calculation of Your Disposable Income). In the first of these forms, the Debtor represents that her current monthly income over a year is $178,879.92. *Id.* line 15b. Because this amount is higher than the median family income in the District of Columbia for one earner, under section 1325(b)(4)(A)(ii)(I) of the Bankruptcy Code, the commitment period under the

---

[1] Available at https://www.justice.gov/ust/eo/bapcpa/20251101/bci_data/median_income_table.htm. The Debtor has acknowledged this amount in her Official Form 122C-1 (Docket No. 4).

Debtor's plan must be at least five years.

17. For the same reason, under section 1325(b)(3)(A) of the Bankruptcy Code, the Debtor's disposable income is calculated with reference to subparagraphs (A) and (B) of section 707(b)(2) of the Bankruptcy Code. These standards are implemented via Official Form 122C-2. In that form filed by the Debtor, her calculations show a monthly disposable income in the amount of $4,260.47. Docket No. 4, line 45. A 60-month plan contributing $4,260.47 per month would avail $255,628.20 to the Debtor's creditors.

18. In the Debtor's Amended Plan, she proposes to submit only $600 per month to the Chapter 13 Trustee for the first 18 months, and $4,525.31 for the next 42 months. *See* Amended Plan § 2.1. This would produce a total of $200,863.02 for her creditors, an amount $54,762.18 less than the total that would be produced if the Debtor were to contribute the monthly disposable monthly income represented in her Official Form 122C-2 over a period of 60 months. The Debtor offers no explanation for why she needs to contribute a substantially lower amount during the first 18 months, or why the total she proposes to contribute is less than the total of her projected monthly income (as of the Petition Date) over a period of 60 months.

19. Meanwhile, Section 2.3 of the Amended Plan provides for the Debtor to retain any income tax refunds she receives during the Term of the Amended Plan. The Amended Plan would require no additional payments. *Id*. § 2.4.

20. Finally, in section 2.5 of the Amended Plan, the Debtor states that the total amount of estimated payments she will provide to the Trustee will be only $36,000, an amount substantially lower than the total of the payments provided for under Section 2.1 of the Amended Plan.[2]

[2] This may be a clerical error. The Debtor's Original Plan had provided for monthly contributions of $600 for a all 60 months, which would have totaled $36,000.

21. For all of these reasons, the Debtor's Amended Plan fails to meet the disposable income requirement of Section 1325(b) of the Bankruptcy Code. Because a creditor is now objecting to confirmation of the Plan, the Court may not approve the Plan in its current form. *See* 11 U.S.C. § 1325(b).

## NOTICE

22. Ms. Manning has served notice of this Objection on the Debtor, the Chapter 13 Trustee and the Office of the United States Trustee.

## CONCLUSION

WHEREFORE, Ms. Manning respectfully requests that the Court enter an order, substantially in the form of the proposed order submitted with this Objection, denying confirmation of the Plan.

Respectfully submitted,

**TAUQILLA MANNING**

Dated: August 11, 2025

by: ***/s/ Robert W. Lannan***

Robert W. Lannan (D.D.C. Bar. No. 454965)
Lannan Legal PLLC
1717 K Street, N.W., Suite 900
Washington, D.C. 20006
Tel.: (202) 223-8901
Fax: (202) 747-7760
Email: robert.lannan@lannanlegal.com

*Counsel to the Creditor Tauqilla Manning*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, I caused the foregoing OBJECTION OF TAUQILLA MANNING TO CONFIRMATION OF THE DEBTOR'S AMENDED CHAPTER 13 PLAN to be served on the Debtor, the Chapter 13 Trustee and the Office of the U.S. Trustee, and all persons who have requested service of notices in this Case by relying on the Court's CM/ECF system.

***/s/ Robert W. Lannan***

_________________________

Robert W. Lannan